IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN HANES,                                    )
                                               )
        Plaintiff,                             )
                                               )
vs.                                            )     CIVIL ACTION NO. 03-0671-CG-C
                                               )
GREYHOUND LINES, INC. and                      )
JAMES DUNCAN,                                  )
                                               )
        Defendants.                            )

## ORDER

This matter is before the court on the defendant Greyhound Lines, Inc.'s ("Greyhound") motion

for summary judgment, plaintiff's response, and Greyhound's reply (Doc. 104, 128, 133);

plaintiff John Hanes' motion for summary judgment, Greyhound's response, and plaintiff's reply (Docs.

108, 126, 132); defendant James Duncan's motion for summary judgment, plaintiff's response, and

Duncan's reply (Docs. 114, 129, 135); and all related evidentiary filings.

## I.      BACKGROUND[1]

On June 11, 2003, Mr. Hanes was a paid passenger of Greyhound, traveling from his home in

Portland, Oregon, to Chipley, Florida.  On the early morning of June 11, 2003, Hanes arrived at the

Greyhound terminal in Mobile, Alabama.  Greyhound operated as a common carrier at all times during

which Hanes was a passenger.  James Duncan was a Greyhound bus driver on June 11, 2003, and had

---

[1] Unless otherwise noted, the following facts are undisputed and taken from the parties' joint
pretrial order.  (Doc. 141).

been driving buses for Greyhound since February 1999.

Shortly after 4:00 a.m. on June 11, 2003, Duncan began boarding passengers on his bus bound

for Jacksonville, Florida.  Duncan was standing at or near the doorway leading to the outside area of

Door 5 to board passengers onto his bus when Tim McCall, baggage handler, called for customers to

board the bus bound for Jacksonville, Florida.  Duncan began boarding passengers.  A dispute arose

between Duncan and Hanes while Duncan was boarding his passengers.  The Mobile Police

Department questioned Duncan and Hanes about the incident.  After Duncan spoke with the Mobile

Police Department, he drove bus number 2205 from Mobile, Alabama, to Jacksonville, Florida.  Hanes

was taken to the University of South Alabama emergency room in an ambulance.

In Tallahassee, Florida, Duncan was advised to ride the bus as a passenger to Jacksonville,

Florida, his home port.  Hanes was discharged from the University of South Alabama emergency room

by Dr. Sternberg with instructions to take three Ibuprofen as needed.  Hanes returned to the

Greyhound terminal in Mobile, Alabama, after being discharged from the hospital.

The details of the altercation between Duncan and Hanes are very much in dispute.  Duncan,

who is black, alleges that Hanes, who is white, called him a "nigger" and that Hanes spat on him during

the period leading up to the altercation.  Hanes denies these charges.  Duncan alleges that Hanes was

arrested in Port Arthur, Texas, after the altercation in Mobile and that Hanes was beaten by the police

there, causing the injuries sought to be redressed herein.  Hanes likewise denies these charges.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted:

if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).  As succinctly stated by the Eleventh Circuit:

> A factual dispute is genuine only if "a reasonable jury could return a verdict for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir.1991) (citation omitted).  The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir.2001).  In evaluating the argument of the moving party, the district court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999).  Assuming the moving party has met its burden, the non-movant must then show a genuine
> dispute regarding any issue for which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Information Systems and Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224-25 (11th Cir. 2002).  The purpose of summary judgment "is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom. Jones v. Resolution Trust Corp., 516 U.S. 817, 116 S.Ct. 74, 133 L.Ed.2d 33 (1995).

> In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." Ryan v. Int'l Union of Operating Eng'rs, Local 675, 794 F.2d 641, 643 (11th Cir. 1986).  There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Blue Cross & Blue Shield v. Weitz, 913 F.2d 1544, 1550 (11th Cir. 1990).  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.  Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994)(citing Lazzara v. Howard A. Esser, Inc., 802 F.2d 260, 269 (7th Cir. 1986)), cert. denied, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994).

Id. at 599.  The "complete failure of proof concerning an essential element of the nonmoving party's

case necessarily renders all other facts immaterial."   Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106

S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  The failure by the nonmoving party to make a sufficient

showing on an essential element of its action entitles the moving party to judgment as a matter of law.

Id. at 323, 106 S.Ct. at 2552.

### III.      GREYHOUND'S MOTION FOR SUMMARY JUDGMENT

Greyhound argues that it is due to be dismissed from this action on summary judgment because

Duncan was not acting within the line and scope of his employment at the time of the altercation.  (Doc.

105).  Plaintiff argues that Duncan was acting within the line and scope of his employment and that,

therefore, Greyhound is liable under the doctrine of respondeat superior, or in the alternative, that

Greyhound is strictly liable as a common carrier.  (Doc. 128).

In Alabama, the question of whether an employee was acting in the line and scope of his

employment is usually a question of fact reserved to the province of the jury.  See Pryor v. Brown &

Root USA, Inc., 674 So.2d 45 (Ala. 1996) and Hendley v. Springhill Mem. Hosp., 575 So.2d 547

(Ala. 1990). If Hanes' claims against Greyhound are based on the doctrine of respondeat superior, the

burden is on Hanes to present substantial evidence that the altercation occurred while Duncan was

acting in the line and scope of his employment.  Pryor v. Brown & Root USA, Inc., 674 So.2d 45, 48

(Ala.. 1995) citing Williams v. Hughes Moving & Storage Co., 578 So.2d 1281, 1283 (Ala. 1991).

"[T]he fact that [an] assault occurred on the employer's premises during working hours does

not conclusively establish that the assault arose out of and in the course of the employment.  That

determination is to be drawn from the circumstances of the individual case.  An assault which is based

solely upon personal ill will, hatred, or anger does not arise out of and in the course of the employment. If the rational mind could determine that the proximate cause of the injury was set in motion by the employment, then the assault arose out of and in the course of the employment." Austin v. Ryan's Family Steakhouses, 668 So.2d 806, 807 (Ala. Civ. App. 1995) citing Thompson v. Anserall, Inc., 522 So.2d 284 (Ala. Civ. App.1988).

The altercation at issue was at least minimally related to Duncan's performance of his duties as an employee, specifically, loading passengers onto his bus.  The details of how the altercation came to life vary greatly, and are at the heart of this action.  However, construing the facts in the light most favorable to the non-movant, as the court is required to do on consideration of a motion for summary judgment, the court finds that under plaintiff's version of events that a rational mind could determine that the proximate cause of the injury was set in motion by the employment.  In other words, that the proximate cause of the injury was Duncan's performance of his job duties by interacting with passengers in order to board his bus.  Because there is a question of fact as to whether the alleged assault was based solely upon personal ill will, hatred, or anger; or, conversely, whether the injury was set in motion by the employment, summary judgment on this issue is improper.

## IV.     HANES' MOTION FOR SUMMARY JUDGMENT

Hanes' motion for summary judgment rests primarily on Greyhound's alleged spoliation of evidence, but also alleges that there are no questions of fact as to the issues of: 1) assault and battery; 2) strict liability of Greyhound as a common carrier; 3) Greyhound's liability under the doctrine of respondeat superior; and 4) Greyhound's liability for negligent hiring.  (Doc. 109).

A.      Spoliation

"Spoliation is an attempt by a party to suppress or destroy material evidence favorable to the party's adversary. May v. Moore, 424 So.2d 596, 603 (Ala.1982)." Wal-Mart Stores, Inc. v. Goodman, 789 So.2d 166, 176 (Ala.2000). As a general rule, if the trier of fact finds a party guilty of spoliation, it is authorized to presume or infer that the missing evidence reflected unfavorably on the spoliator's interest. McCleery v. McCleery, 200 Ala. 4, 75 So. 316 (1917). Spoliation "is sufficient foundation for an inference of [the spoliator's] guilt or negligence." *May v. Moore,* 424 So.2d 596, 603 (Ala.1982). See also Wal-Mart Stores, supra, 789 So.2d at 176; Christian v. Kenneth Chandler Constr. Co., 658 So.2d 408, 412 (Ala.1995).

Vesta Fire Ins. Corp. v. Milam & Co. Const., Inc., 901 So.2d 84, 93 (Ala. 2004).

"At the summary-judgment stage [the court] must accept the explanations given by the [alleged spoliator] for how and why various items become unavailable." Id. at 98.

Plaintiff's spoliation argument is based upon various security cameras located throughout the Greyhound terminal and the surveillance footage they produced.  (Doc. 109). These digital cameras were programmed to preserve all recorded footage for a period of at least thirty days.  Id.  The cameras were programmed to delete recorded footage after a set period, either thirty or forty-five days, unless an administrator intervened and preserved the footage.  Id.  In the instant case, Greyhound preserved some, but not all, of the footage taken at the time of the incident.  Id.

Greyhound's proffered reason for failing to preserve all of the footage is that it preserved "the videotape depicting the terminal immediately before, during and after the altercation" but allowed hours of "needless" and "immaterial" videotape to record over itself. (Doc. 128).   Greyhound also notes that there are many eyewitness accounts of the incident in question.  Id.  In essence, Greyhound's position is that plaintiff requested any and all

surveillance footage related to the altercation and that Greyhound did exactly that. Id. At this

stage in the proceedings, pursuant to Vesta Fire Ins. Corp., supra, it would be improper to take

the movant's version of events in place of the non-movant's. Accordingly, plaintiff's motion for

summary judgment on the grounds of spoliation is due to be denied.

> B.      Tort claims

As noted, supra, plaintiff has also moved for summary judgment on all of his tort claims,

as well as his claim that Greyhound, as a common carrier, is strictly liable for any assault by a

driver on a passenger.  (Doc. 109).  As stated above, the facts of this case are very much in

dispute, clearly rendering summary judgment on any of the tort claims inappropriate.

> C.      Whether Greyhound is strictly liable for the torts allegedly committed by
>
>         Duncan

Plaintiff argues that "[a]s a common carrier, Defendant Greyhound is strictly liable for

the assault and battery committed by the Defendant Duncan" and that it is accordingly irrelevant

whether Duncan was acting in the line and scope of his employment with Greyhound at the time

of the altercation in question. (Doc. 132).  Plaintiff cites Birmingham Ry. & Elec. Co. v. Baird,

130 Ala. 334, 30 So. 456 (Ala. 1901) for the latter proposition.  Plaintiff also cites Birmingham

Ry., Light & Power Co. v. Mullen, 138 Ala. 614, 35 So. 701 (Ala. 1903) and Southern Ry.

Co. v. Hanby, 183 Ala. 255, 62 So. 871 (Ala. 1913) for the proposition that "a common

carrier is to be held absolutely liable when its employee assaults a passenger, regardless of

whether the employee acted out of personal motivation or in furtherance of the business of the

common carrier." (Doc. 132). Plaintiff acknowledges that this rule of law would be an exception to the commonly applied "scope of the employment" analysis required to determine whether to impute liability to an employer for the intentional torts of an employee. (Doc. 109, citing Atmore Comm. Hosp. v. Hayes, 719 So.2d 1190 (Ala. 1998).

Greyhound's response to plaintiff's motion for summary judgment does not address the issue of whether a common carrier is strictly liable for the intentional torts of its employees. (Doc. 126). However, the court's own review reveals the matter is less well-settled than plaintiff claims. In Ex parte Louisville & N.R. Co., 203 Ala. 328, 83 So. 52 (Ala. 1919), the Supreme Court of Alabama found that an intentional tort by a common carrier's agent was a violation of the common carrier's duty to safely carry passengers and protect them from harm, but the court found that the "corporate offense lies in the negligent failure to safely carry and protect, and not upon any legal fiction of 'direct, intentional causation' of the battery by the corporation." Id. at 53. Accordingly, assessing liability against a corporate defendant requires "proof of actual participation on the part of the defendant in the damnifying act" Id. at 52 quoting City Delivery Co. v. Henry, 34 So. 389 (Ala. 1903).

Given the uncertain state of the relevant law, the court finds that it is proper to reserve judgment on the strict liability issue until after a determination as to some of the disputed facts is rendered. Indeed, if Duncan is adjudged to have acted in self defense, it is possible that the issue will become moot. See, e.g, Doe v. Celebrity Cruises, Inc., 394 F.3d 891, 907 (11th Cir. 2004) (Court held that if the alleged tort "was in self-defense and therefore lawful, the

8

employee was not liable and in turn the common-carrier employer was not liable.").

## V.    DUNCAN'S MOTION FOR SUMMARY JUDGMENT

Duncan's motion for summary judgment moves the court to find as a matter of law that Duncan acted in self-defense and that, accordingly, all claims against him are due to be dismissed.  (Doc. 116).  Again, the facts of the altercation are very much in dispute.  On summary judgment, the court is required to consider the facts in the light most favorable to the non-movant.  Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999).  In this case, the non-movant's version of events has Duncan engaging in  a "brutal, excessive, and personal" attack, never attempting to retreat, and being fired from Greyhound because his actions were not in self defense.  (Doc. 129).  If the jury were to give credence to plaintiff's version of events, including the fact that plaintiff was repeatedly kicked in the head while on the ground,  Duncan would not be entitled to rely upon the doctrine of self defense.  Accordingly, Duncan's motion for summary judgment is due to be denied.

### CONCLUSION

After due consideration of all matters presented and for the reasons stated herein the court **FINDS AS FOLLOWS**:

Greyhound Lines, Inc.'s motion for summary judgment (Doc. 104) is **DENIED**;

John Hanes' motion for summary judgment (Doc. 108) is **DENIED**; and

James Duncan's motion for summary (Doc. 114)  is **DENIED**.

**DONE and ORDERED** this 16th day of August, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE